# CRIMINAL COMPLAINT

| UNITED STATES DISTRICT COURT | CENTRAL DISTRICT OF CALIFORNIA |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br><br>LUIS JOSE TORRES TORRES, aka<br>JOSE LUIS TORRES | DOCKET NO.<br><br>MAGISTRATE'S CASE NO.<br>**08-0367M** |

Complaint for violation of Title 8, United States Code §§ 1326(a), (b)(2): Illegal Alien Found in the United States Following Deportation.

| NAME OF MAGISTRATE JUDGE<br>HON. CHARLES F. EICK | UNITED STATES MAGISTRATE JUDGE | LOCATION<br>Los Angeles, CA |
|---|---|---|
| DATE OF OFFENSE<br>November 8, 2007 | PLACE OF OFFENSE<br>Los Angeles County | ADDRESS OF ACCUSED (IF KNOWN)<br>1530 Junipero, #B,<br>Long Beach, California 90804 |

COMPLAINANT'S STATEMENT OF FACTS CONSTITUTING THE OFFENSE OR VIOLATION:

On or about November 8, 2007, defendant LUIS JOSE TORRES TORRES, also known as Jose Luis Torres, an alien, who had been officially deported and removed from the United States on or about December 11, 2000, was found in Los Angeles County, within the Central District of California, after knowingly and voluntarily re-entering and remaining in the United States without having obtained permission from the Attorney General or his designated successor, the Secretary for Homeland Security, to reapply for admission to the United States following deportation and removal.

Defendant's previously alleged deportation and removal from the United States occurred subsequent to defendant's conviction for the following aggravated felonies: Assault With A Deadly Weapon/Instrument, in violation of California Penal Code Section 245(a)(1), and Assault With A Firearm On A Person, in violation of California Penal Code Section 245 (a)(2), on or about July 8, 1999, in the Superior Court of California, County of Los Angeles, Case Number NA040242, for which defendant was sentenced to two years imprisonment.

BASIS OF COMPLAINANT'S CHARGE AGAINST THE ACCUSED:
(See attached affidavit which is incorporated as part of this Complaint)

MATERIAL WITNESSES IN RELATION TO THIS CHARGE: N/A

FILED
CLERK, U.S. DISTRICT COURT
FEB 20 2008
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

| Being duly sworn, I declare that the foregoing is true and correct to the best of my knowledge. | SIGNATURE OF COMPLAINANT<br><br>STEVEN COSSETTINI |
|---|---|
| | OFFICIAL TITLE<br>Deportation Officer - ICE |

Sworn to before me and subscribed in my presence,

| SIGNATURE OF MAGISTRATE JUDGE(1)<br>Carla M. Woehrle | DATE<br>Feb. 20, 2008 |
|---|---|

1) See Federal Rules of Criminal Procedure rules 3 and 54.   AUSA PAUL H. ROCHMES    REC: WARRANT

## A F F I D A V I T

I, Steven Cossettini, being duly sworn, do hereby depose and say:

1. I am a Deportation Officer ("DO") with the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). I have been employed as an Immigration Officer with ICE, formerly known as the Immigration and Naturalization Service ("INS"), since June 1996. I have been a DO with ICE since August 1997. I am currently assigned to the Los Angeles Field Office.

2. This affidavit is made in support of a criminal complaint against LUIS JOSE TORRES TORRES ("TORRES"), also known as Jose Luis Torres, charging him with violating Title 8, United States Code, Sections 1326(a) and (b)(2): Illegal Alien Found in the United States Following Deportation. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from other law enforcement agents and witnesses. This affidavit is intended to show that there is probable cause for the requested complaint and does not purport to set forth all of my knowledge of, or investigation into, this matter.

3. On February 5, 2008, DO Ron Oki notified me that TORRES, a previously deported criminal alien, was present in the United States and in the administrative custody of the ICE Los

Angeles Branch. Based on this notification, I undertook the present investigation of TORRES.

4. Based on my training and experience, I know that a DHS "A-File" is a file in which all immigration records are maintained for aliens admitted to or found in the United States. I also know that a DHS A-File usually contains photographs, fingerprints, court records of conviction, and all records relating to deportation or other actions by DHS (or INS) with respect to the subject alien for whom the DHS A-File is maintained.

5. On February 12, 2008, I reviewed DHS A-File A78-187-025, which is maintained for the subject alien "Luis Jose Torres Torres." The A-File contained, among other things, the following documents and information:

    a. Photographs of the alien subject to whom DHS A-File A78-187-025 corresponds. I compared these photographs to the ICE booking photograph of TORRES taken on February 5, 2008. These photographs depict the same person. Thus, I determined that DHS A-File A78-187-025 and its contents correspond to TORRES.

    b. A DHS immigration detainer (Form I-247) dated November 8, 2007. From DHS A-File A78-187-025, I learned that TORRES was arrested by the Long Beach Police Department ("LBPD") on November 8, 2007, for Inflict Corporal Injury on

Spouse/Cohabitant, in violation of California Penal Code Section 273.5(a). After arresting TORRES, LBPD notified Senior Special Agent ("SSA") Richard M. Bernholz of DHS's Law Enforcement Support Center and informed him that TORRES was in their custody. SSA Bernholz placed the detainer on TORRES and as a result, TORRES was released to ICE administrative custody on or about February 5, 2008.

    c. One executed Warrant of Removal/Deportation indicating that TORRES was officially removed and deported from the United States on December 11, 2000. I know from my training and experience that a Warrant of Removal/Deportation is executed each time a subject alien is removed and deported from the United States by ICE (and its predecessor agency, INS) and usually contains the subject's photograph, signature, and fingerprint. The executed Warrant of Removal/Deportation in TORRES's A-File contains his photograph, signature, and a fingerprint.

    d. A certified copy of an Abstract of Judgment - Prison Commitment form showing that TORRES was convicted on July 8, 1999, of one count of Assault with a Deadly Weapon/Instrument, to wit, knife, in violation of California Penal Code Section 245(a)(1), for which TORRES was sentenced to two years imprisonment, and one count of Assault with a Firearm on Person, in violation of California Penal Code Section 245(a)(2), for which TORRES was sentenced to a concurrent term of two years

imprisonment, with an enhancement, pursuant to California Penal Code Section 12022.5(a)(1), in the Superior Court of the State of California, County of Los Angeles, Case Number NA040242. The total term of imprisonment, including the enhancement, was two years.

   e. Printouts of the Consolidated Criminal History Reporting System ("CCHRS"). Based on my training and experience, I know that the CCHRS database tracks and records arrests and convictions of individuals according to an individual's Criminal Identification Index ("CII") number. The CCHRS printouts indicated that TORRES had been convicted of the crimes reflected in the documents described above, as well as convicted of three additional crimes. The three additional crimes are as follows: (a) On March 18, 1993, TORRES was convicted of Inflict Corporal Injury on Spouse/Cohabitant, in violation of California Penal Code Section 273.5(a); (b) On May 5, 1997, TORRES was convicted of Driving Under the Influence of Alcohol, in violation of California Vehicle Code Section 23152(b); and (c) On July 9, 1997, TORRES was convicted of Battery, in violation of California Penal Code Section 242.

   f. Various documents, in addition to the Warrant of Removal/Deportation, indicating that TORRES is a native and citizen of Mexico. These documents include: (a) a Final Administrative Removal Order (Form I-851A), dated November 15,

2000, ordering TORRES removed to Mexico; and (b) a Notice of Intent to Issue Final Administrative Removal Order, dated December 8, 2000, in which TORRES indicated that he did not contest, among other allegations, that he is a native and citizen of Mexico.

6. On February 12, 2008, I reviewed the printouts of ICE computer indices on TORRES. Based on my training and experience, I know that the ICE computer indices track and document each time an alien is deported from the United States by ICE (or INS) or is granted permission to enter or re-enter the United States. The ICE computer indices confirmed that TORRES had been removed and deported on or about the date indicated on the Warrant of Removal/Deportation found in TORRES's DHS A-File. The ICE computer indices further indicated that TORRES had not applied for or obtained permission from the Attorney General or his designated successor, the Secretary of Homeland Security, to re-enter the United States legally since TORRES had last been deported.

7. Based on my review of TORRES's DHS A-File, I determined that his A-File does not contain any record of him ever applying for, or receiving permission from, the Attorney General or his designated successor, the Secretary of Homeland Security, to legally re-enter the United States. Based on my training and experience, I know that such documentation is required to re-

enter the United States legally after deportation, and that if such documentation existed, it would ordinarily be found in TORRES's DHS A-File.

8. Based on the foregoing facts, there is probable cause to believe that LUIS JOSE TORRES TORRES has violated Title 8, United States Code, Sections 1326(a) and (b)(2): Illegal Alien Found in the United States Following Deportation.

_____
Steven Cossettini
Deportation Officer - ICE


Subscribed and sworn to before me on this 20th day of February 2008.

_____
UNITED STATES MAGISTRATE JUDGE